Peter SALIT

v.

**CENTERBANK and John Burke.**

**Civ. No. N90–018(EBB).**

United States District Court, D. Connecticut.

Oct. 9, 1990.

---

J. Daniel Sagarin, Elias A. Alexiades, Hurwitz & Sagarin, Milford, Conn., Joshua Rubin, Stephen Rodd, Abbey & Ellis, New York City, for plaintiff.

Richard L. Emerson, Augustus R. Southworth, III, Mary Piscatelli Brigham, Gager, Henry & Narkis, Waterbury, Conn., Anthony Fitzgerald, Ann H. Rubin, Carmody & Torrance, New Haven, Conn., for defendants.

## RULING ON MOTION TO DISMISS

ELLEN B. BURNS, Chief Judge.

The defendants have filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted and for failure to state fraud with particularity, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the reasons that follow, defendant's motion to dismiss is granted.

### FACTS

The plaintiff, Peter Salit, brings this action as a class action on behalf of himself and all other purchasers of Centerbank common stock from July 25, 1989, to January 9, 1990. The defendant Centerbank is a Connecticut corporation whose stock is listed on the National Association of Securities Dealers Automated Quotations System ("NASDAQ") national system. The defendant John Burke was Chairman, President, and Chief Executive Officer of Centerbank during most of the Class Period, although his resignation was announced on December 11, 1989.

During the Class Period, plaintiff purchased 1,000 shares of common stock. The plaintiff seeks certification of the class of persons who purchased Centerbank common stock from July 25, 1989, to January 9, 1990. Plaintiff alleges that 14 million shares of Centerbank common stock were traded during the Class Period. Complaint ¶ 9(a).

During the Class Period, defendant Centerbank issued several public statements concerning the strength of Centerbank as a financial institution. Defendants asserted their commitment to the dividend policy, and maintained that their reserve position was adequate to meet the requirements of their loan portfolio. Complaint ¶ 14. On November 29, 1989, defendants "announced through the PR Newswire" that the board of directors had reaffirmed its intention to hold the dividend. On December 11, 1989, defendant Burke resigned. And on "January 10, 1990, defendants disclosed that the Company would add about $40 million to loan loss reserves in its fourth quarter and that it would not pay its first-quarter dividend of $0.20." Complaint ¶ 17.

The plaintiff alleges that the public information and reports issued during the Class Period "contained materially false and misleading information because they overstated the Company's profitability and expected profitability during that period." Complaint ¶ 18. Specifically, the plaintiff accuses defendants of "failing to make adequate provision for anticipated losses or giving adequate warning that the taking of such enormous loan loss reserves would be necessary," of failing to have a "reasonable basis for the repeated statements that the company would be able to maintain its $0.20 quarterly dividend", and of failing to

"disclose either that they had caused the Company to engage in loans involving a high degree of risk and/or which had become highly risky as a result of events subsequent to the making of the loans, or, until December 12, 1989, that defendant Burke had been pursuing a business strategy with which the Company's board was in fundamental disagreement." Complaint ¶ 18.

## DISCUSSION

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In deciding a motion to dismiss, the court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. 2A *Moore's Federal Practice* ¶ 12.07[2.–5] at 12–63 (2d ed. 1987). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Dismissal for failure to state a claim is generally not favored by the courts. *See* 2A *Moore's Federal Practice, supra.*

Plaintiff's sole substantiation for his accusations is the *timing* of defendants' announcements. The plaintiff apparently maintains that the defendants must have been releasing misleading information as to their ability to pay dividends and meet loan losses, because the disclosure in January, 1990, of the refusal to pay dividends and the addition of about $40 million to loan loss reserves followed too closely the positive announcements in the last quarter of 1989. The defendants characterize the complaint as a charge "that Centerbank should have predicted in its press releases that it would not be able to maintain its historically high earnings and dividend payment record." Defendants' Memorandum of Law in Support of their Motion for Stay of Proceedings and Extension of Time, p. 1.

Plaintiff's allegations are essentially two-fold: (1) that the defendant affirmatively stated that it could meet loan losses and dividend payments, and (2) that the misrepresentations included fraudulent projections with no basis in fact.

As the plaintiff correctly summarizes, "[t]he Second Circuit held in *Goldman* that allegations of 'positive predictions' coupled with allegations that the defendants had 'knowledge of the undisclosed negative factors' states a claim under Section 10(b) and Rule 10b–5" of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Plaintiff's Memorandum in Opposition, p. 9; *Goldman v. Belden*, 754 F.2d 1059 (2d Cir.1985). However, the plaintiff gives no particulars as to the respect in which he contends the statements are fraudulent and presents no basis for his belief that the defendants were engaging in fraud. Paragraph eighteen of the complaint, which attempts to characterize the misrepresentations, does not provide a basis for (1) the allegation that the defendants "overstated" the Company's profitability, (2) the allegation that there was no reasonable basis for the announcement that the Company would be able to maintain its $0.20 quarterly dividend, (3) the allegation that the Company was aware or should have been aware of the high degree of risk of their loans, or (4) the allegation that Mr. Burke *"had been pursuing a business strategy with which the Company's board was in fundamental disagreement"* (emphasis added).

Because the complaint fails to allege fraud with the requisite particularity, defendants' motion to dismiss is granted. The plaintiff is given leave to amend his complaint within thirty days of the filing of this ruling.

SO ORDERED.