**In re FIRST CONSTITUTION SHAREHOLDERS LITIGATION.**

**Lee WEINER (I/and on Behalf of all others Similarly Situated)**

v.

**FIRST CONSTITUTION FINANCIAL CORP., et al.**

**Nos. N–90–111 (WWE), 5:90CV00165 (WWE).**

United States District Court, D. Connecticut.

Feb. 20, 1991.

---

Richard A. Fuchs, Elizabeth Koskoff, Koskoff, Koskoff & Bieder, Bridgeport, CT, for plaintiff.

Mark S. Baldwin, Cummings & Lockwood, Hartford, CT, for defendants.

EGINTON, District Judge.

Absent objection, the Magistrate Judge's ruling granting defendants' motion for a stay of discovery is ADOPTED, RATIFIED and AFFIRMED.

## RULING ON DEFENDANTS' MOTION FOR STAY OF DISCOVERY

MARGOLIS, United States Magistrate Judge.

These two related securities actions, *Silverberg v. First Constitution Corp.*, Civ. No. N90–111(WWE) and *Weiner v. First Constitution Corp.*, Civ. No. B90–163(WWE), were filed in the spring of 1990. The plaintiffs in *Weiner* filed their motion for class certification on May 22, 1990 (*Weiner* Dkt. ## 21–22), whereas a similar motion was not filed in *Silverberg* until June 11, 1990. (*Silverberg* Dkt. ## 22–23). On June 6, 1990, the defendants in *Weiner* filed a motion to stay discovery and class action certification until a ruling upon their anticipated motion to dismiss. (*Weiner* Dkt. ## 25–26). On June 13, 1990, U.S. District Judge Warren W. Eginton issued a series of orders and rulings in these files, including an order of consolidation for all pretrial purposes, in which plaintiffs' counsel were directed to file an amended consolidated complaint within thirty days. (*See Silverberg* Dkt. ## 26–27; *Weiner* Dkt. ## 28–29). That same day, Judge Eginton reserved decision on the motion for class certification in *Weiner* until forty-five days after the later of a decision on a motion to dismiss, or the filing of an answer to the consolidated complaint, or further court order. (*See* endorsement on *Weiner* Dkt. # 21). Defendants' motion for stay of discovery was referred to this Magistrate Judge

for a determination of what, if any, discovery should proceed at this time, and what, if any, should be stayed pending the filing of an answer to the consolidated complaint or a ruling on any dispositive motions filed by defendants.

(*See* endorsement on *Weiner* Dkt. # 25; *Weiner* Dkt. # 30; *Silverberg* Dkt. # 25).[1]

A consolidated complaint for both actions was filed on August 3, 1990. (*Silverberg* Dkt. # 31; *Weiner* Dkt. # 31). On September 10, 1990, defendants filed their motion to dismiss (*Silverberg* Dkt. ## 37–38), which is presently pending before Judge Eginton. (*See also id.* Dkt. ## 43, 46).

On November 1, 1990, defendants filed a renewed motion to stay discovery, with a brief in support and exhibits.[2] (*Id.* Dkt.

---

1. By agreement of counsel, action on this motion was held in abeyance pending the filing of the amended consolidated complaint and expected motion to dismiss.

2. The exhibits included: a copy of plaintiffs' amended request for production to all defendants, dated October 5, 1990 (Exh. A); a copy of the consolidated complaint (Exh. B); a copy of a ruling on defendants' motion for stay in *Salit*

## 44–45). Plaintiffs' brief in opposition, with exhibits [3], was filed on November 21, 1990, and defendants' reply brief was filed on December 5, 1990. (*Id.* Dkt. ## 48, 51).

For the reasons stated herein, defendants' motion is granted.

## I. DISCUSSION

This precise issue has been addressed in at least five written opinions in this district within the last fifteen months, with differing outcomes. *See, e.g. In re Ames Department Stores, Inc. Debenture Litigation,* Civ. No. H90–362(PCD), 1990 WL 260590 (D.Conn. Nov. 21, 1990) (in securities fraud class action, defendants' motion to stay merits discovery until after ruling on plaintiffs' motion for class certification and on defendants' motion to dismiss *denied*); *West Farms Associates v. State Traffic Comm'n,* Civ. No. H90–320(AHN) (D.Conn. July 23, 1990) (in challenge to administrative agency's determination on First and Fourteenth Amendment grounds, defendants' motion to stay discovery until court rules on two pending motions to dismiss *granted*); *Moss v. Hollis,* 1990 WL 138531, 1990 U.S. Dist. LEXIS 13647 (D.Conn. June 29, 1990) (Dorsey, J.) (in securities fraud action, defendants' motion to stay merits discovery until after ruling on plaintiffs' motion for class certification and on defendants' motion to dismiss *denied*); [4] *Salit v. Centerbank,* Civ. No. N90–18(EBB) (D.Conn. Apr. 20, 1990) (in securities fraud against local bank, defendants' motion to stay discovery until ruling upon defendants' motion to dismiss *granted*); *Scoran v. Chemical Bank,* Civ. No. N89–379(PCD) (D.Conn. Oct. 11, 1989) (in Truth–in–Lending Action, defendants' motion to stay discovery on issue of class certification pending decision on defendant's dispositive motions *granted*).

Varying analyses have been utilized in these decisions. In *Salit,* the court observed that defendants' motion to dismiss was not "without merit" and emphasized the massive discovery sought, which covered a six-month period in which more than 14,000,000 shares of Centerbank stock were traded by the bank's 7,000 shareholders. Slip op. at 2. The *Salit* decision concluded as follows:

> Securities fraud actions are recognized as being particularly vulnerable to strike suits.... Because this action belongs to a class that is subject to strike suits, and because the class size would call for unwieldy discovery, this court finds that a stay of proceedings until the motion to dismiss is ruled on would best meet the interests of justice.

*Id.* at 2–3 (citations omitted).

The same conclusion was reached in *West Farms, supra,* where the discovery requests were "detailed and comprehensive," and would require defendants to "expend significant effort in responding." Slip op. at 4. In balancing the interests of both sides, the Court found that "[c]ontinuing discovery at this point ... may well cause the defendants to expend significant resources for no purpose whatsoever." *Id.* In contrast, there would be no prejudice to plaintiff, which "will have ample time [if the motion to dismiss is denied] to take discovery on the merits of its claims." *Id.* at 6.

In *Moss,* the court examined both the complaint and motion to dismiss and found the former to be "not frivolous." 1990 WL 138531, *1, 1990 U.S.Dist. LEXIS 13647, at 2. It also found as "speculat[ive]" defen-

---

3. The exhibits included: a copy of a ruling on motion for protective order in *Moss v. Hollis,* v. *Centerbank,* Civ. No. N90–018(EBB) (D.Conn. April 20, 1990) ("*Salit I*") (Exh. C); a copy of a ruling on defendants' motion to dismiss in *Salit v. Centerbank,* 767 F.Supp. 429 (D.Conn.1990) ("*Salit II*") (Exh. D); and, a copy of an endorsement granting defendants' motion to stay discovery in *Karpus v. Liberty All–Star Equity Fund,* Civ. No. B88–644(JAC) (D.Conn. Dec. 8, 1988) (Exh. E).

Civ. No. B90–177(PCD), 1990 WL 138531 (D.Conn. June 29, 1990) (Exh. A); a copy of an order in *Shields v. NCNB Corp.,* C–C–90–0090–M (M.D.N.C. June 20, 1990) (Exh. B); and, a copy of an order in *Emmanuel Liebman Target Benefit Pension Plan v. Zable,* Civ. No. 88–1195–JLI(M) (S.D.Cal. Nov. 3, 1988) (Exh. C).

4. The *Moss* lawsuit also related to the financial difficulties of Ames Department Stores, Inc.

dants' contention that their anticipated motions to dismiss would be successful. *Id.* *See also Ames, supra.*

 This lawsuit comes closer to the situations presented in *Salit* and in *West Farms* than to those in *Moss* and *Ames.* This judicial officer has a great uneasiness in reviewing *both* the amended consolidated complaint *and* the pending motion to dismiss and in second-guessing which one is likely to be the more meritorious of the two. As in *Salit* and *West Farms,* the emphasis should be laid upon the comprehensiveness of the discovery sought and the burden occasioned thereby upon the defendants, and the relative prejudice a stay will place upon both sides. In examining the pending discovery requests, found as defendants' Exh. A, covering a three-year period (*See* Section III), there is little doubt that discovery will be "unwieldy." As defendants argue, during this class period approximately 16,000,000 shares of First Constitution common stock were traded among thousands of shareholders, and plaintiffs' pending discovery requests could require the production of virtually every document relating to First Constitution's banking practices during the class period. Thus, the burden placed upon defendants will be enormous. This is a complex and hotly litigated matter, which the docket sheet alone confirms. As such, it is likely that discovery will be protracted and it is highly unlikely that the case will be tried within the immediate future; therefore, plaintiffs are not unduly delayed if discovery is stayed for what is expected to be a relatively short period of time. Thus, taking into account any possible prejudice to the parties, the interests of justice compel that defendants' motion for stay of discovery be granted.

## II. CONCLUSION

Accordingly, for the reasons stated above, defendants' motion for a stay of discovery, until forty-five days after the filing of a ruling on the pending motion to dismiss, is granted.

*See* 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same); F.R.Civ.P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS,* 892 F.2d 15, 16 (2d Cir.1989) (failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 28th day of January, 1991.