Robert C. HOVERMALE, Plaintiff,

v.

**SCHOOL BOARD OF HILLSBOROUGH COUNTY FLORIDA, et al.,**
Defendants.

No. 88–640–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 31, 1989.

Robert C. Hovermale, Irvine, Ky., pro se.

W. Crosby Few, Few & Ayala, Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, Fla., for defendants.

ORDER

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration of defendants' Motion For Stay of Discovery Pending Disposition of Defendants' Motion For Summary Judgment (Dkt.67) and defendants' Motion For Stay of Oral Depositions Pending Disposition of Defendants' Motion For Summary Judgment (Dkt.68). Defendants' motions seek to stay all further discovery in the case until such time as the court rules on defendants' motion for summary judgment. Plaintiff has

served on defendants six (6) sets of interrogatories, eighty-eight (88) requests for admissions and notices to take the depositions of five individual defendants.

Defendants contend that a stay of all discovery is warranted in the case because extensive discovery on what defendants argue are extraneous factual issues is unnecessary for the determination of defendants' dispositive motion.

Defendants, in their motion for summary judgment, contend that even if the allegations in plaintiff's complaint are accepted as true, the allegations are insufficient to establish a protectable property or liberty right warranting constitutional protection. They argue that plaintiff's job separation was voluntary and that plaintiff had no property interest in continued employment. In addition, defendants contend that plaintiff has failed to allege the elements establishing a deprivation of a liberty interest because plaintiff has, they argue, failed to allege that any stigmatizing statements concerning the plaintiff were made public as a result of the employment separation process.

In his amended complaint, plaintiff bases his claims brought under 42 U.S.C. § 1983 (in addition to pendent state claims including fraud, negligence and defamation) for deprivation of liberty and property interests on allegations that, as a teacher with "earned status," he resigned his position because of retaliation for exercising First Amendment rights and that he was constructively discharged without a hearing constituting a violation of his Fourteenth Amendment rights of due process. In addition, plaintiff asserts that the school board resignation form is overly broad and vague and is an "anti-speech mechanism."

Further, plaintiff contends that defendants entered improper teaching evaluation forms into plaintiff's permanent personnel files, which plaintiff had not seen, had no opportunity to defend against, and regarding which he received no notice of their existence in the files. In addition, plaintiff alleges that defendants never explained to him the criteria for the evaluations.

Plaintiff also asserts the violation of his Fourth, Fifth and Seventh Amendment[1] rights and a conspiracy to deprive him of his constitutional rights (based on a refusal to investigate his allegations) brought under 42 U.S.C. § 1985.

In his response to defendants' motions to stay discovery plaintiff argues that the the summary judgment motion does not deal with all of the allegations of the complaint and that a stay would "sandbag plaintiff's ability to respond to their motions because of time constraints." Inasmuch as plaintiff's ability to join any pendent state law claims in this action may be dependent upon the court's continuing jurisdiction over his constitutional claims, defendants argument of lack of property or liberty interest may indeed go to the heart of the case. *See Giardiello v. Balboa Ins. Co.*, 837 F.2d 1566, 1571 (11th Cir.1988) (court has discretion concerning retention of jurisdiction on pendent claims following dismissal of federal claims); *see also Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1318 (5th Cir.1983) (citing general rule that pendent claims should ordinarily be dismissed when all federal claims are disposed of prior to trial).

Therefore, a stay of discovery may be proper if it appears that the discovery sought does not help plaintiff raise a factual issue with regard to a constitutionally-protected property interest in continued employment or concerning the alleged deprivation of his liberty interests. It is, therefore, necessary to determine whether the requested discovery would aid plaintiff in raising a factual issue with regard to

---

1. Plaintiff also makes claims under Article I, § 10 and the Fourth, Fifth and Seventh Amendments to the Constitution. Defendants' motions for summary judgment and for stay of discovery do not address these claimed bases for relief other than to say that they cannot determine the allegations supporting these claims or stating generally (with respect to the Fifth Amendment) that plaintiff's allegations are deficient. Because the undersigned can make a ruling on the instant motions without divining the factual underpinnings of plaintiff's multitudinous constitutional claims, it is unnecessary to discuss these other constitutional bases further at this stage in the case.

whether plaintiff had a property interest in continued employment or whether his liberty interests were implicated. *See Panola Land Buyers Ass'n. v. Shuman,* 762 F.2d 1550, 1560 (11th Cir.1985); *and Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir.1976).

■ The state may not deprive an individual of a property right in continued employment without due process. *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In order to invoke due process rights entitling one to a hearing, an employee must establish that he possesses a property interest representing "a legitimate claim of entitlement" to continued state employment. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Therefore, in order for plaintiff to raise a factual issue with regard to whether he had a right of reinstatement to employment, he must establish that he had a property right which was created and defined by the terms of his appointment. *Id.* at 578, 92 S.Ct. at 2709. Then, plaintiff must show some adverse official action which operates to deprive him of that property interest. *Winkler v. County of DeKalb,* 648 F.2d 411 (5th Cir. Unit B 1981).

■ In order for plaintiff to show that he has been deprived of a liberty interest, he must show that he has been stigmatized as a result of a discharge process and that the stigmatization resulted from charges made public by the employer. *Blanton v. Griel Memorial Psychiatric Hospital,* 758 F.2d 1540, 1544 (11th Cir.1985).

■ A magistrate has broad discretion to stay discovery pending the decision on a dispositive motion. *Panola,* 762 F.2d at 1560. It is an abuse of that discretion, however, to stay general discovery if "plaintiff [has] been denied discovery which relates to the summary judgment motion." *Scroggins,* 534 F.2d at 1133. In addition, motions to stay discovery are not favored and are rarely appropriate where resolution of the dispositive motion may not dispose of the entire case. *See Panola, supra,* at 1560; *see also Simpson v. Spe-* *cialty Retail Concepts, Inc.,* 121 F.R.D. 261, 263 (M.D.N.C.1988) (citations omitted).

■ While defendants have attached to their motion a copy of only one set of interrogatories and requests for admissions, it is apparent that at least some of the queries may produce answers which will help plaintiff respond to the arguments raised in defendants' summary judgment motion. For example, Interrogatory No. 7 to Roland Lewis seeks information concerning any adverse evaluations or opinions concerning plaintiff's teaching performance. Interrogatory No. 8 to Mr. Lewis seeks information regarding the decision whether to grant plaintiff a hearing. The answers to these types of questions may relate to the statutory terms and requirements defining plaintiff's employment. *See Roth, supra,* 408 U.S. at 578, 92 S.Ct. at 2709. Similarly, responses to Requests for Admission dealing with compliance with specific Board rules may indicate whether an employee in plaintiff's position was entitled to adherence to certain procedures prior to separation. Further, Request for Admission 32 asks the School Board to admit that "a teacher who may be entitled to tenure has an earned status." This request in particular may provide a response which delineates plaintiff's entitlement and helps him respond to defendants' motion.

The interrogatories and admissions requests, as well the deposition testimony of individual defendants, may also enable plaintiff to raise a factual issue with regard to whether defendants made stigmatizing derogatory statements concerning plaintiff and whether they were made public. *See Blanton, supra.*

In addition, the undersigned finds that even if the court grants defendants' motion for summary judgment, this still may not dispose of the case. While retention of jurisdiction over pendent state claims following dismissal of all federal claims is discouraged, the court has the discretion to retain jurisdiction to dispose of the remaining state claims. The pendent claims are not automatically dismissed. *See Giardiello v. Balboa Ins. Co.,* 837 F.2d 1566, 1571 (11th Cir.1988); *see also Ingram Corp. v.*

*J. Ray Mcdermott & Co., Inc.*, 698 F.2d 1295, 1319 (5th Cir.1983) (citations omitted). Plaintiff has alleged at least fraud, defamation, and negligence as pendent claims in his 66 page Amended Complaint. To the extent that the discovery sought, including deposition testimony directed at discovery of the facts concerning plaintiff's employment and his separation, may enable plaintiff to make his claims on these theories, he is entitled to discovery. A stay of all discovery would be overly broad under the circumstances. *See Panola, supra,* at 1560–1561.

Therefore, the undersigned finds that it would be improper and an abuse of discretion to stay general discovery in this case pending a determination on defendants' motion for summary judgment. Accordingly, because defendants have failed to show good cause and reasonableness for an order staying general discovery, defendants' motions should be denied.

It is, therefore,

ORDERED:

(1) that defendants' Motion For Stay of Discovery Pending Disposition Of Defendants' Motion For Summary Judgment (Dkt. 67) is DENIED;

(2) that defendants' Motion For Stay Of Oral Depositions Pending Defendants' Motion For Summary Judgment (Dkt. 68) is DENIED.

DONE and ORDERED.