Jerome FELDMAN, et al., Plaintiffs,

v.

Theodore C. FLOOD, et al., Defendants,

and

International Baler Corporation, Nominal Defendant.

No. 97–51–Civ–J–10C.

United States District Court, M.D. Florida Jacksonville Division.

Sept. 2, 1997.

Christopher J. Greene, Jacksonville, FL, for Plaintiffs.

Kevin J. Vanderkolk, Jacksonville, FL, for Defendants.

### ORDER ON DEFENDANTS' MOTION FOR STAY OF DISCOVERY

CORRIGAN, United States Magistrate Judge.

This case came before the Court on Defendants' Motion for Stay of Discovery Pending Resolution of Case Dispositive Motion and Request for Emergency Hearing (Doc. # 32), filed August 25, 1997. On that same date, the Court entered an Order of Temporary Stay of Discovery (Doc. # 33) and set a hearing on the motion for Thursday, August 28, 1997. The Court conducted an hour-long hearing on August 28, 1997, has reviewed the motion for stay of discovery, as well as the underlying motion to dismiss, and plaintiffs' responsive memorandum in opposition to the motion to stay. The Court has also reviewed additional authorities provided by the parties at the hearing.

Plaintiffs commenced this shareholder derivative action on behalf of International Baler Corporation (IBC) alleging multiple claims for damages against defendants for breach of fiduciary duty, usurpation of corporate opportunity and related claims. Defendants filed their Motion to Dismiss and for a Stay of Discovery (Doc. # 32) on August 25, 1997, contending that pursuant to a June 24, 1997 merger agreement, IBC merged into IBC Merger Corporation, a wholly-owned subsidiary of defendant Waste Technology Corporation (Waste Tech), and that as of the effective date of the merger:

"IBC ceased to exist and plaintiffs ceased to be stockholders of IBC. Accordingly, under well established principles of Delaware law, plaintiffs have no standing to continue to prosecute this action, and this action is now *moot.*" Motion to Dismiss at 2.

Defendants further contend that because plaintiffs have elected not to exercise their right under the merger agreement to receive

a specified number of shares of common stock in Waste Tech but instead have elected to exercise their statutory right under Delaware law to demand an appraisal (which will ultimately result in plaintiffs receiving fair value for their stock interest) they have foregone "any right to receive shares of Waste Tech stock" and "by virtue of plaintiffs' appraisal election, they are not even stockholders of Waste Tech." Motion to Dismiss at 3. Thus, defendants seek to dismiss this action because plaintiffs no longer have standing to bring it and, more immediately, seek to have the Court stay all discovery until a ruling on the motion to dismiss.

Plaintiffs acknowledge most of the facts as alleged by defendants but "are unwilling to concede that they have been deprived of standing as a result of the Merger." While recognizing that "continuous ownership is generally necessary to establish standing to bring a derivative action," they rely on an exception to the general rule which states that "continuous ownership is not required if the merger is a reorganization which does not affect the plaintiffs' ownership of the business enterprise." Plaintiffs' response at 6–7. Plaintiffs also argue that their decision to elect appraisal rights under Delaware law does not mean that they no longer have standing because, if by virtue of the merger they are now stockholders of Waste Tech (or they will be shareholders of Waste Tech as a result of the appraisal process)[1], they still may be able to proceed under the "double derivative" theory recognized by Delaware law.

The decision in *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988), sets forth the applicable legal principles when a party moves to stay discovery:

"A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case. *Petrus v. Bowen*, 833 F.2d 581 (5th Cir.1987). *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)—(discovery may be stayed to determine the dispositive issue of immunity of government officials). Motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R.Civ.P., and the moving party bears the burden of showing good cause and reasonableness. *Howard v. Galesi*, 107 F.R.D. 348 (S.D.N.Y.1985). Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. *Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C.1988). As a result, a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case. *Lugo v. Alvarado*, 819 F.2d 5 (1st Cir.1987). Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion. *Wilderness Soc. v. Griles*, 824 F.2d 4 (D.C.Cir.1987); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir.1985).

In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *See also Hovermale v. School Board of Hillsborough County*, 128 F.R.D. 287 (M.D.Fla.1989).

While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to "take a preliminary peek" at the merits of the motion to dismiss to see if it

---

**1.** At the hearing plaintiffs argued that Waste Tech does not have funds to pay for the appraised value of their shares, therefore they will probably be "paid" in shares of Waste Tech stock.

appears to be clearly meritorious and truly case dispositive. The Court acknowledges, as do plaintiffs, that the Delaware Supreme Court's decision in *Lewis v. Anderson*, 477 A.2d 1040 (Del.1984), provides strong support for defendants' position that a merger which eliminates ownership of stock eliminates a shareholder's standing to pursue a derivative suit. However, the Delaware Supreme Court in *Lewis* recognized two exceptions to this rule, one of which plaintiffs contend is applicable here. This exception is exemplified by *Schreiber v. Carney*, 447 A.2d 17 (Del.Ch.1982), where the Court held that after a merger which "had no meaningful effect on plaintiff's ownership of the business enterprise, [the plaintiff] should have standing to maintain a derivative suit to correct an alleged breach of fiduciary duty." *Id.* at 21. This exception is described by the Delaware Supreme Court in *Lewis* as applying "where the merger is in reality a reorganization which does not affect plaintiffs' ownership of the business enterprise." *Lewis*, 477 A.2d at 1046, n. 10.

Preliminarily reviewing the timing and substance of the merger and applying the principles of *Schreiber*, the Court concludes that at minimum plaintiffs have demonstrated that the "reorganization exception" may be applicable and, therefore, defendants' motion to dismiss, while presenting substantial issues, is not so clear "on its face [that] there appears to be an immediate and clear possibility that it will be granted."[2] *Simpson*, 121 F.R.D. at 263. Likewise, defendants' argument that plaintiffs' appraisal election deprives plaintiffs of any stock ownership interest in Waste Tech and therefore standing even under a double derivative theory, while presenting a substantial issue, is not so clearly well taken so as to justify a discovery stay.

The Court is also influenced by plaintiffs' arguments that some of the discovery they intend to undertake may be relevant to the motion to dismiss and that even a decision granting the motion to dismiss would not necessarily dispose of the case because plaintiffs could seek leave to file an amended complaint.

Finally, the Court has "balance[d] the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery," *Simpson*, 121 F.R.D. at 263, and concludes that the balance tips in favor of permitting discovery to go forward. Both parties recognize that many of the issues which will be the subject of discovery will be litigated eventually, if not in this Court, in the Delaware proceedings. Thus the main reason for staying discovery—the elimination of unnecessary expenditures of time, money and other resources—is less compelling here.[3] Accordingly,

It is hereby

**ORDERED:**

1. Defendants' Motion for Stay of Discovery Pending Resolution of Case Dispositive Motion (Doc. # 32) is **DENIED.**

2. The Order of Temporary Stay of Discovery (Doc. # 33) is **vacated.** The parties should cooperate in proceeding with discovery.

3. Defendants' Motion to Dismiss (Doc. # 32) is **deferred** to the District Court.

---

**2.** The merger agreement shows that Waste Tech is a holding company and owns 85.3% of the stock of IBC; IBC Merger corporation is a wholly-owned subsidiary of Waste Tech. According to the Agreement of Merger, all three are Delaware corporations with their principal place of business at 5400 Rio Grande Avenue, Jacksonville Florida; Ted C. Flood is president of all three corporation. Motion to Dismiss, Exhibit B.

**3.** The unnecessary expenditure of time and money inherent in duplicative discovery could be substantially reduced if the parties can stipulate to consider discovery taken in this action as also binding in the Delaware proceedings.