Dennis D. NANKIVIL, Plaintiff,

v.

**LOCKHEED MARTIN CORPORATION,**
and Cigna Group Insurance,
Defendants.

No. 3:02–CV–512–J–21TEM.

United States District Court,
M.D. Florida,
Jacksonville Division.

Feb. 4, 2003.

Dennis D. Nankivil, Jacksonville Beach, FL, pro se.

W. Russell Hamilton, III, Christopher Patrick Hammon, Morgan, Lewis & Bockius LLP, Miami, FL, Joseph T. Kissane, Steven L. Worley, Hinshaw & Culbertson, Jacksonville, FL, for defendants.

## ORDER

MORRIS, United States Magistrate Judge.

This case came before the Court on Plaintiff's Motion to Strike (Doc. # 9), Plaintiff's Motion to Compel Defendant Lockheed Martin Corp. to Comply with Number 4 Oral Depositions of the Consolidated Case Management Report (Doc. # 11, Motion to Exceed Deposition Limits), and Defendant Lockheed Martin's Motion for Protective Order and to Stay Discovery in Part (Doc. # 23). The Court has considered each of the referenced motions, all memoranda of law filed in support thereof and all responses in opposition thereto. (*See* Docs. # 14, # 15 and # 30, Responses.)

### *Strike Defenses*

 Plaintiff's Motion to Strike requests the Court strike several of Defendant Lockheed Martin's defenses asserted in its Answer and Defenses (Doc. # 4). Although Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense," it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F.Supp.2d 1345 (M.D.Fla.2002); *In re Sunbeam Securities Litigation*, 89 F.Supp.2d 1326 (S.D.Fla.1999).

A "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574 (M.D.Fla.1995). Further, the Court is bound by the precedent of *Kelly v. Kosuga*, 358 U.S. 516, 79 S.Ct. 429, 3 L.Ed.2d 475 (1959), which holds that when evaluating a motion to strike defenses, a court must take as true those facts supporting the questioned defenses and stated in the answer. *Id.*

■ A liberal reading of the Motion to Strike[1] indicates Plaintiff seeks to strike Lockheed Martin's defenses raised on the bases of: (1) Preemption under Section 301 of the Labor Management Relations Act; (2) Plaintiff's failure to exhaust administrative remedies; (3) Expiration of the applicable statute of limitations; (4) Plaintiff's failure to join an indispensable party; and, (5) Laches. To support his position, Plaintiff refers to the case of *Zipf v. American Telephone and Telegraph Co.*, 799 F.2d 889 (3rd Cir.1986). The *Zipf* court held that administrative exhaustion was not required for claims of statutory violation under ERISA. *Id.* at 891–94. However, the ruling of the *Zipf* court runs contrary to binding precedent in the Eleventh Circuit which does acknowledge an exhaustion of administrative remedies in ERISA actions. *Counts v. American General Life and Accident Insurance Co.*, 111 F.3d 105 (11th Cir.1997).

■ Review of the relevant case law concerning the striking of pleadings convinces the undersigned that Defendant Lockheed Martin's assertion of the above-named defenses is appropriate under Eleventh Circuit standards. The Court does not find these defenses confuse the issues, unnecessarily prejudice a party or lack relationship to the controversy. Accordingly, Plaintiff's Motion to Strike shall be **DENIED.**

1. Plaintiff is proceeding in this case as a *pro se* litigant. In an abundance of caution, the Court has reviewed Plaintiff's Motion to Strike (Doc. # 9) and Motion to Exceed Deposition Limits (Doc. # 11) utilizing a liberal construction similar to that which is applied to *pro se* complaints. *Cf. Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285,

### Deposition Limits

■ Plaintiff's Motion to Compel Defendant Lockheed Martin Corp. to Comply with Number 4 Oral Depositions of the Consolidated Case Management Report (Doc. # 11) seeks the Court's intervention to allow Plaintiff to exceed the normal deposition limits. Plaintiff misreads Fed.R.Civ.P. 30 by asserting there is "no limit of time" on oral examinations (Doc. # 11, ¶ 6). Rule 30(d)(2) provides that "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Further, Rule 30(a)(2)(A) prevents any party from taking more than ten (10) depositions without leave of Court or written stipulation of the parties.

In support of his request to not limit the time (and possibly the number) of depositions he desires to take, Plaintiff attached a *draft* version of the agreed terms for Oral Depositions to the instant motion. However, the Court notes the filed Case Management Report (Doc. # 13) indicates "Plaintiff is requesting all depositions be of unlimited duration" (*Id.* at 5). Plaintiff has not supplied the Court with adequate reason to require depositions either exceed the presumptive time limitation of seven hours each, or exceed a total of ten depositions per side as permitted under the applicable rules. At best, Plaintiff's motion has been brought prematurely as nothing in the record indicates discovery had even begun prior to the filing of this motion. Accordingly, Plaintiff's motion to exceed deposition limits, as set forth in his Motion to Compel Defendant Lockheed Martin Corp. to Comply with Number 4 Oral Depositions of the Consolidated Case Management Report (Doc. # 11), shall be **DENIED.**

### Protective Order/Stay Discovery

Defendant Lockheed Martin has moved the Court for a protective order and a partial

50 L.Ed.2d 251 (1976); *Moore v. Schlesinger*, 150 F.Supp.2d 1308, 1311 (M.D.Fla.2001). These cases say *pro se* complaints must be liberally construed, but the undersigned does not believe that standard entitles *pro se* litigants to any broader discretion concerning legal arguments than is given represented litigants.

stay of discovery until such time as the District Court rules on the pending motions to dismiss and for summary judgment. The Motion for Protective Order (Doc. # 23) requests that discovery be temporarily limited in scope to the statute of limitations issue raised in the dispositive motions. Plaintiff urges the Court to deny the Motion for Protective Order due to a procedural defect and Defendant Lockheed Martin's failure to demonstrate "good cause" for the request as required under Fed.R.Civ.P. 26(c). Although Plaintiff asserts the instant motion lacked the required good faith certification (*see* Doc. # 30, p. 1), the Court finds Defendant's certificate of compliance with Local Rule 3.01(g), as stated on page six (6), comports with the certification required under Fed.R.Civ.P. 26(c). Defendant's counsel specifically states that he "consulted with Plaintiff *pro se*, Dennis Nankivil, via telephone on October 11, 2002, in a good faith attempt to resolve by agreement the issues raised in the instant [m]otion...."

■ As Plaintiff correctly asserts, Lockheed Martin must demonstrate good cause for the issuance of a protective order pursuant to Rule 26(c). While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein "resolution of a preliminary motion may dispose of the entire action." *Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716 (S.D.N.Y. Mar.16, 1999). *See also, Patterson v. United States Postal Service*, 901 F.2d 927 (11th Cir.1990) (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); *Feldman v. Flood*, 176 F.R.D. 651 (M.D.Fla.1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited*, 206 F.R.D. 367 (S.D.N.Y.2002) (holding good cause for discovery stay exists where dispositive motion

has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C.1988) (setting up balancing test for stays of discovery).

■ The *Feldman* court noted it is helpful, and often necessary, to "take a preliminary peek" at any pending dispositive motions to see if the motions appear to be meritorious and "truly case dispositive." *Feldman*, 176 F.R.D. at 652. In this case, Defendant Cigna Group Insurance has a pending Motion to Dismiss (Doc. # 5) and Defendant Lockheed Martin has a pending Motion for Summary Judgment (Doc. # 18). Both motions seek to dispose of this action under a statute of limitations argument. As such, resolution of either motion may potentially dispose of the entire case. Plaintiff essentially argues Defendants are attempting to dispose of the case by referencing inapplicable statutes of limitations and mischaracterizing the nature of his former employer.[2] (*See* Docs. # 8, # 27, # 28.) Without directly ruling on the pending Motion to Dismiss or Motion for Summary Judgment, the undersigned does find merit exists for filing these motions.

Under the circumstances presented herein, the Court finds Defendant Lockheed Martin has shown good cause for issuance of a protective order. However, the Court believes Plaintiff should be allowed to pursue any avenue of discovery that relates directly to the statute of limitations arguments raised by Defendants in the above-referenced motions. Such discovery would include information pertaining to Defendant Lockheed Martin's status as a "multi-employer" under ERISA. Therefore, the Court will GRANT Defendant Lockheed Martin's Motion for Protective Order (Doc. # 23) to the extent discovery shall be limited in scope as set forth above, until such time as the District Court has issued its ruling on either Defendant Cigna's Motion to Dismiss or Defendant Lockheed Martin's Motion for Summary Judgment. At that time, any party may seek

---

**2.** The Court also notes that Defendant Lockheed Martin asserts it was never Plaintiff's employer and was never the sponsor of an employee benefit plan in which Plaintiff was a participant (Doc. # 4 at 6).

an extension of the other deadlines, if necessary.

Thus, upon due consideration it is hereby

**ORDERED:**

1. Plaintiff's Motion to Strike (Doc. # 9) is **DENIED**.

2. Plaintiff's Motion to Compel Defendant Lockheed Martin Corp. to Comply with Number 4 Oral Depositions of the Consolidated Case Management Report (Doc. # 11) is **DENIED**.

3. Defendant Lockheed Martin's Motion for Protective Order and to Stay Discovery in Part (Doc. # 23) is **GRANTED** only to the extent detailed above.