Francisco **FLECHA**, Plaintiff,

v.

**NEIGHBORS MOVING SERVICES, INC.,** a Florida corporation and Francis Margaglione, Defendants.

**Case No. 12–62455–CIV.**

United States District Court, S.D. Florida.

March 7, 2013.

Joshua Kelly Moran, Glasser & Kleppin, Plantation, FL, for Plaintiff.

Christopher John Whitelock, Whitelock & Associates, Fort Lauderdale, FL, for Defendants.

## ORDER

LURANA S. SNOW, United States Magistrate Judge.

THIS CAUSE is before the Court on the Defendant, Neighbors Moving Ser-

vices, Inc.'s Motion for Protective Order and to Stay Discovery (DE 17) which was referred to United States Magistrate Judge, Lurana S. Snow.

This is an action for unpaid overtime wages filed pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The Plaintiff alleges that between December 1, 2011 and June 10, 2012, he worked for the Defendant as a mover and regularly worked in excess of forty hours per week without proper compensation. He contends that the Defendants refused to pay monies owed to him unless he printed his name on what turned out to be an arbitration agreement which he was unable to read or understand. He signed the arbitration agreement, which was not explained to him, on December 2, 2012. (DE 22)

On January 31, 2013, the Plaintiff served Defendant, Neighbors Moving Services with a First Set of Interrogatories, First and Second Requests for Production, First and Second Requests for Admissions, and on February 4, 2013, a Third Request for Production. Defendant, Neighbors Moving Services seeks an order staying discovery pending ruling on its motion to compel arbitration which was filed on January 23, 2013.[1] The Defendant contends that if the Court grants its motion to compel arbitration, the need for discovery in this case will become moot, and the parties will have needlessly expended time and attorneys' fees which would defeat the cost saving purpose of arbitration.[2] The Defendant also asserts that if it participates in discov-

---

1. The motion is titled "Defendant, Neighbors Moving Services, Inc.'s Motion to Dismiss Plaintiff's Complaint, Stay this Action and Compel Plaintiff to Arbitration." (DE 8) It has not been referred to the undersigned.

2. The cases cited by the Defendant in support of its assertion that discovery should be stayed pending resolution of its motion deal with cases that had already been referred to arbitration. The Court agrees that if this case is referred to arbitration all proceedings should be stayed, including discovery. The

ery in this case, it risks waiver of its right to arbitrate.

The Plaintiff asserts that the Defendant has not shown good cause to stay discovery. He contends that he is not subject to arbitration because his cause of action arose before he signed the agreement. He further asserts that the arbitration agreement is unenforceable because he signed it under duress, the parties did not mutually assent to its essential terms, and it defeats the remedial purposes of the FLSA. Therefore, according to the Plaintiff, it is not a foregone conclusion that this case will be compelled to arbitration. Plaintiff further asserts that Defendant Margaglione is not subject to the arbitration agreement and discovery should not be stayed with respect to him.[3]

Pursuant to the Court's scheduling order, the fact discovery cut-off in this case is May 31, 2013. (DE 11) In addition to the discovery he has already propounded, the Plaintiff contends that he still need to depose the Defendants. He asserts that delay would likely cause case management problems and prejudice him in the prosecuting of his case. The Plaintiff is willing to stipulate that the Defendant will not waive its right to arbitrate by participating in discovery in this case should the Court subsequently grant the motion to compel arbitration.

■■■ Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district. S.D. Local Rules, App. A, Discovery Practices Handbook I.D(5). A request to stay discovery pending the resolution of a motion is rarely appropriate when the motion will not dispose of the entire case. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997) (*citing, Lugo v. Alvarado*, 819 F.2d 5 (1st Cir.1987)). Discovery ordinarily should not be stayed when it is necessary to defend against the motion. *Id. citing Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir.1985). The moving party bears the burden of showing good cause. *Feldman v. Flood*, 176 F.R.D. at 652. The Court must balance the harm produced by delay against the possibility that the motion will be granted and entirely eliminate the need for discovery. *Id.*

■■ In this case there appears to be a genuine dispute as to whether the arbitration agreement is enforceable, and if so, whether all parties are subject to it. Under such circumstances, it is proper for the Court to permit discovery to proceed. *See Fifth Third Bankcorp v. Barkauskas*, 2013 U.S. Dist. Lexis 14597 (M.D.Fla.2013). Moreover, the Defendant has not asserted that the propounded discovery is unusually burdensome, and the Plaintiff has correctly pointed out that the time remaining to conduct discovery in this case is short. Should the Court stay discovery only to later deny the pending motion to compel arbitration, it would likely then be required to extend the case management deadlines in this case. Further, the Plaintiff has stipulated that by participating in discovery now, the Defendant will not waive its right to arbitrate if the Court finds the arbitration agreement enforceable.[4]

Being fully advised, it is hereby

---

instant case is distinguishable at its current posture, however.

**3.** The Plaintiff amended his complaint to add Defendant Margaglione after the Defendant, Neighbors Moving Services filed the instant motion.

**4.** The undersigned makes no determination regarding the enforceability of the arbitration agreement in this case.

ORDERED AND ADJUDGED that the Defendant, Neighbors Moving Services, Inc.'s Motion for Protective Order and to Stay Discovery (DE 17) is DENIED.