**SPRINT SOLUTIONS, INC.,**
**et al., Plaintiff,**

v.

**The CELL XCHANGE, INC.,**
**et al., Defendants.**

**Case No. 8:14–CV–233–T–27AEP.**

United States District Court,
M.D. Florida,
Tampa Division.

Signed Oct. 1, 2014.

Gail E. Podolsky, Carlton Fields Jorden Burt, PA, Atlanta, GA, Jason J. Quintero, Carlton Fields Jorden Burt, PA, Tampa, FL, Stacey K. Sutton, Carlton Fields Jorden Burt, PA, West Palm Beach, FL, for Plaintiff.

Charles R. Price, Tandem Legal Group LLC, Washington, DC, Darrell Winston Payne, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, PA, Miami, FL, Kathleen A. Dechristopher, Kathleen A. Dechristopher, PA, Tampa, FL, for Defendants.

### ORDER

ANTHONY E. PORCELLI, United States Magistrate Judge.

This cause came before the Court for a hearing upon Defendants The Cell Xchange, Inc. and James R. Rathbone's (collectively, the "TCX Defendants") Motion for Protective Order and Temporary Stay of Discovery (Doc. 41) and Plaintiffs' response in opposition thereto (Doc. 54). By the instant motion, the TCX Defendants request that the Court deem Plaintiffs' outstanding discovery requests moot and enter a temporary stay of discovery pending a decision on the TCX Defendants' motion to dismiss.[1] The TCX Defendants argue that the Court's July 25, 2014 Order, which, among other things, struck the Amended Complaint, rendered any discovery requests relating to the claims in the Amended Complaint moot. Furthermore, the TCX Defendants contend that a temporary stay of discovery is warranted as Plaintiffs' Second Amended Complaint contains many of the same deficiencies noted by the Court in striking both the Complaint and the Amended Complaint. In response, Plaintiffs contend that the Court's July 25, 2014 Order did not moot the outstanding discovery requests and a stay of discovery is not necessary or warranted. For the reasons that follow, the motion is denied.

By way of background, Plaintiffs filed their Complaint alleging claims against the TCX Defendants, among others, for unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, trafficking in computer passwords, unauthorized access, unauthorized access with intent to defraud, federal trademark infringement, federal common law trademark infringement and false advertising, contributory trademark infringement, conversion, and unfair competition under the Florida Statutes (Doc. 1). Upon review of the Complaint, the Court *sua sponte* struck the Complaint for failing to comply with the requirement under Rule 8(a)(2), Federal Rules of Civil Procedure, that a complaint provide "a short

---

1. The TCX Defendants filed the instant motion prior to filing their motion to dismiss (Doc. 47).

and plain statement of the claim showing that the pleader is entitled to relief" (Doc. 5). In the February 3, 2014 Order, United States District Judge James D. Whittemore noted that the Complaint contained 42 pages, 199 paragraphs, 15 counts, and exhibits consisting of an additional 198 pages (Doc. 5). Judge Whittemore went further, noting that each of the 15 counts incorporated the 66 introductory paragraphs, many of which were unnecessary or unnecessarily lengthy (Doc. 5). Notwithstanding the noted deficiencies, and the striking of the Complaint, Judge Whittemore provided Plaintiffs an opportunity to file an amended complaint (Doc. 5).

Plaintiffs then filed their Amended Complaint, alleging claims against the TCX Defendants, and others, for unfair competition, tortious interference with business and relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, trafficking in computer passwords, unauthorized access, unauthorized access with intent to defraud, federal trademark infringement, federal common law trademark infringement and false advertising, contributory trademark infringement, conversion, and unfair competition under the Florida Statutes (Doc. 7). The TCX Defendants filed a motion to dismiss, arguing that Plaintiffs failed to state a claim for relief that was plausible on its face and that Plaintiffs improperly lumped Defendants together (Doc. 14). Upon consideration of the TCX Defendants' motion to dismiss and the other motions to dismiss (Docs. 23–26), each of which Plaintiffs opposed (Docs. 20, 23–27), Judge Whittemore struck the Amended Complaint but allowed Plaintiffs an opportunity to file a second amended complaint (Doc. 31). In that July 25, 2014 Order, Judge Whittemore noted that "Defendants' arguments

somewhat exaggerate the perceived deficiencies in the Amended Complaint, delve into the merits of Plaintiffs['] claims, and allude to matters having no bearing on the sufficiency of the pleading ..." (Doc. 31, at 1). Notwithstanding, Judge Whittemore determined that the Amended Complaint "falls prey to the all too common temptation to incorporate wide swathes of factual information into each Count and then supplement those incorporated allegations with legal conclusions in order to purportedly state a claim" (Doc. 31, at 2 (footnote omitted)) and that Plaintiffs' "failure to properly delineate the boundaries of relevant claims and the potential for a 'massive waste' of resources requires that the Amended Complaint be stricken and re-pleader be ordered" (Doc. 31, at 3).

■ In the instant motion, the TCX Defendants argue that Judge Whittemore's July 25, 2014 Order rendered Plaintiffs' outstanding discovery requests moot since there were no active claims pending as a result of the Order. The TCX Defendants overstate the effect of that Order, however. In the Order, Plaintiffs received an opportunity to file a second amended complaint despite the noted deficiencies of the Amended Complaint. Judge Whittemore did not state that Plaintiffs failed to state a viable federal claim. Notably, he did not find that Plaintiffs offered merely formulaic recitations of the elements of the purported causes of action, as proscribed by *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In fact, Judge Whittemore's July 25, 2014 Order indicates the contrary—Plaintiffs included *too many* factual contentions in support of their claims but did not link those facts to the particular actions of specific Defendants. Essentially, the Order indicates that Plaintiffs may be able to state a viable

claim but just have not done so succinctly. Hence, Judge Whittemore struck the Amended Complaint and provided Plaintiffs another opportunity to amend. Furthermore, three days prior to the July 25, 2014 Order, Judge Whittemore issued an Order to Show Cause (Doc. 29), directing Plaintiffs to show cause why the case should not be dismissed for lack of prosecution for failure to timely file a Case Management Report, as required by Local Rule 3.05. Had Judge Whittemore anticipated the cessation of the litigation, he would not have required the filing of a Case Management Report or allowed Plaintiffs an additional opportunity to amend.[2] Given the rulings by Judge Whittemore, therefore, Plaintiffs outstanding discovery requests were not rendered moot as a result of the July 25, 2014 Order.[3]

In addition to their contention that all prior discovery has been rendered moot, the TCX Defendants seek a stay of all future discovery, pending the outcome of the motions to dismiss. The TCX Defendants contend that the Second Amended Complaint suffers from the same deficiencies as the prior two complaints and should thus be dismissed with prejudice. District courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.,* 901 F.2d 927, 929 (11th Cir.1990) (*per curiam* ) ("Matters pertaining to discovery are committed to the sound discretion of the district court. . . ."); *see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997) (stating that "district courts enjoy broad discretion in deciding how to best manage the cases before them"). Under Rule 26, Federal Rules of Civil Procedure, courts may limit discovery if the burden or expense of discovery outweighs its likely benefit. *See* Fed.R.Civ.P. 26(b)(2)(C)(iii). Indeed, pursuant to Rule 26, a court may, for good cause, issue an order to protect a party or person from annoyance or undue burden or expense. Fed.R.Civ.P. 26(c)(1). In fact, under Rule 26, courts may grant motions to stay discovery if the movant demonstrates good cause and reasonableness. *See McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D.Fla.2006); *see Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D.Fla.1997). Notably, however, a request to stay discovery pending resolution of a motion should rarely be granted unless resolution of the motion will dispose of the entire case. *McCabe,* 233 F.R.D. at 685. As the Eleventh Circuit explained,

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

*Chudasama,* 123 F.3d at 1368 (internal footnote and footnote omitted).

---

**2.** Indeed, shortly after the filing of the Case Management Report, Judge Whittemore entered the Case Management and Scheduling Order (Doc. 37), which sets for the deadlines in this action.

**3.** Even if the undersigned determined that the discovery was rendered moot, given the filing of the Second Amended Complaint and, as discussed below, the determination that Plaintiffs appear to state a valid federal claim, requiring Plaintiffs to re-serve the discovery requests upon the TCX Defendants at this juncture would prove an exercise in futility.

Where a party requests a stay pending resolution of a dispositive motion, the court must take a "preliminary peek" at the motion to determine whether the motion appears clearly meritorious and case dispositive. *McCabe*, 233 F.R.D. at 685 (citing *Feldman*, 176 F.R.D. at 652–53). Here, after reviewing the Second Amended Complaint and taking a "preliminary peek" at the TCX Defendants' motion to dismiss, the undersigned finds that the motion is not clearly meritorious. Although issues remain with respect to joinder of all Defendants, it is unclear whether the TCX Defendants' motion to dismiss will be granted and all claims dismissed, as Plaintiffs appear to state at least some viable claims. As a result, discovery in this action should not be stayed.

In sum, based on the facts and procedural history of this case, the outstanding discovery has not been rendered moot, and a temporary stay of discovery is not warranted pending the outcome of the motions to dismiss. Accordingly, it is hereby

ORDERED:

1. The TCX Defendants' Motion for Protective Order and Temporary Stay of Discovery (Doc. 41) is DENIED.

2. Within thirty (30) days of the date of this Order, the TCX Defendants shall respond to Plaintiffs' outstanding discovery requests.[4]

---

4. To the extent that the TCX Defendants object to the content or scope of the discovery requests, the TCX Defendants may file a separate motion addressing any purported issues or deficiencies.