SPENCER TRASK SOFTWARE AND IN-
FORMATION SERVICES, LLC, former-
ly known as Spencer Trask Internet
Group, LLC; and Spencer Trask Ven-
tures, Inc., Plaintiffs,

v.

RPOST INTERNATIONAL LIMITED;
Zafar Khan; Terry Tomkow; and
Ken Barton, Defendants.

No. 02 Civ. 1276(PKL).

United States District Court,
S.D. New York.

April 9, 2002.

Patterson, Belknap, Webb & Tyler, LLP,
Stephen P. Younger, New York City, for the
Plaintiffs.

Stillman & Friedman, P.C., John B. Har-
ris, New York City, Hill & Barlow, P.C.,
Daniel C. Winston, David S. Friedman, Bos-
ton, MA, for the Defendants.

### MEMORANDUM ORDER

LEISURE, District Judge.

Defendants RPost International Limited ("RPost") and its three co-founders, Zafar Khan, Terry Tomkow, and Ken Barton, move this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a stay of discovery during the pendency of their motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, defendants' motion is granted.

### Background

Plaintiffs Spencer Trask Software and Information Services, LLC ("Information Services"), formerly known as Spencer Trask Internet Group, LLC ("the Internet Group") and Spencer Trask Ventures, Inc. ("Ventures") (with their affiliates collectively as "Spencer Trask") bring this action for *inter alia:* (1) breach of contract; (2) promissory estoppel; (3) equitable estoppel; (4) unjust enrichment; and (5) fraud. At the root of the lawsuit is an agreement allegedly entered into by the parties to enable RPost to finance its new venture involving electronic mail. RPost is an internet company seeking to provide a secure means of sending electronic email that operates like registered mail on behalf of the United States Postal Service. Plaintiffs contend this new product venture will be very lucrative. The overall result of the alleged agreement was to give Spencer Trask the right to acquire approximately 20% of RPost stock.

### Discussion

Defendants have moved to dismiss the First Amended Complaint in this action pursuant to Rule 12(b)(6). *See* Fed.R.Civ.P. 12(b)(6). Based on the face of the complaint, defendants assert, *inter alia,* that: (1) plain-

tiffs' contract claims fail to state a claim on the merits as a matter of law; (2) their contract claims are barred in their entirety by the statute of frauds; and (3) their fraud claims fail as a matter of law. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss the First Amended Complaint ("Defs.' Mem. Dismiss"). Plaintiffs are due to serve and file their opposition papers by April 25, 2002 and defendants shall serve and file their reply papers, if any, by May 6, 2002.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause shown." Fed.R.Civ.P. 26(c). Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. *See Anti–Monopoly, Inc. v. Hasbro, Inc.,* No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996) (collecting cases).

■ However, while discovery may in a proper case be stayed pending the outcome of a motion to dismiss, "the issuance of a stay is by no means automatic." *In re WRT Energy Secs. Litig.,* No. 96 Civ. 3610, 1996 WL 580930, at *1 (S.D.N.Y. Oct.9, 1996) (Keenan, J.); *see Moran v. Flaherty,* No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept.25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."); *In re Chase Manhattan Corp. Secs. Litig.,* No. 90 Civ. 6092, 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991) (same). Two related factors a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it. *See Anti–Monopoly, Inc.,* 1996 WL 101277, at *3. Finally, a court should also consider the strength of the dispositive motion that is the basis of the discovery stay application. *See, e.g., Gandler v. Nazarov,* No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery should be granted where motion to dismiss

"is potentially dispositive, and appears to be not unfounded in the law.").

■ This Court cannot attempt to predict the outcome of the motion to dismiss, particularly because it has not yet viewed plaintiffs' opposition papers. However, based on the papers submitted and upon oral argument from counsel, the Court notes at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit. Although plaintiffs contend that the breadth of discovery sought is not outrageously broad, nor is the burden substantial, the Court finds otherwise and believes that the expense and possible injury to the success of defendants' current contractual negotiations are great.[1] Furthermore, the Court intends to decide the motion expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Rivera v. Heyman,* No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb.27, 1997). Therefore, at this point in the litigation, proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources.

### Conclusion

For the foregoing reasons, the requested stay of discovery pending disposition of the motion to dismiss is HEREBY GRANTED. The parties are HEREBY ORDERED to refrain from issuing any discovery requests or subpoenas during the pendency of the motion to dismiss the First Amended Complaint.

**SO ORDERED.**

---

1. One of the third-parties plaintiffs seek to depose is the Deputy Postmaster General of the United States Postal Service, with whom RPost is currently in discussions regarding the new email venture. RPost notes that the issuance of a sub-poena at this stage in their "delicate" negotiations could irreparably damage the success of the venture. *See* Defendants' Proposed Emergency Motion for Stay of Discovery and/or A Protective Order ("Defs.' Stay Mem."), at 3.