**UNITED STATES of America ex rel. Rebecca GONZALEZ, Plaintiff,**

v.

**FRESENIUS MEDICAL CARE NORTH AMERICA and Alfonso Chavez, M.D., Defendants.**

**Rebecca Gonzalez, Plaintiff,**

v.

**Fresenius Medical Care North America and Larry Ramirez, Defendants.**

**No. EP–07–CA–247–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Aug. 14, 2008.

Mark Dawson Jarmie, Jarmie & Associates, Albuquerque, NM, Mark D. Standridge, Jarmie & Associates, Las Cruces, NM, Thomas E. Stanton, Law Offices of Thomas Stanton, El Paso, TX, for Plaintiff.

A. Kevin Troutman, Stephen J. Roppolo, Fisher & Phillips LLP, Houston, TX, James F. Bennett, St. Louis, MO, James O. Darnell, Jim Darnell, P.C., El Paso, TX, Megan S. Heinsz, Edward L. Dowd, Jr., James F. Bennett, St. Louis, MO, for Defendants.

*ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF SCHEDULING ORDER*

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff/Relator Rebecca Gonzalez's

("Gonzalez") "Motion for Entry of Scheduling Order," filed on May 6, 2008, Defendant Fresenius Medical Care North America's ("Fresenius") "Response to Relator's Motion for Entry of Scheduling Order," filed on May 13, 2008, Defendant Alfonso Chavez's ("Chavez") "Response of Dr. Alfonso Chavez to Relator's Motion for Entry of Scheduling Order," filed on May 15, 2008, and Gonzalez's "Reply to Fresenius/Ramirez Response to Motion for Entry of Scheduling Order," filed on May 20, 2008, in the above-captioned cause.

In her Motion, Gonzalez represents that Fresenius and Chavez have declined to participate in a scheduling conference as set forth in Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)"). Mot. 1. Accordingly, she requests that the Court enter the proposed scheduling order attached to her Motion. *Id.*

Fresenius and Chavez oppose the entry of a scheduling order and subsequent commencement of discovery. Fresenius Resp. 1; Chavez Resp. 1. Rather, they argue discovery should be stayed pending the Court's ruling on Chavez's "Motion to Stay," and "Motion to Dismiss," both filed on February 29, 2008, and Fresenius's "Motion to Dismiss," filed on March 13, 2008. *Id.* Fresenius alleges that "the motions to dismiss are well-taken, and if accepted by the Court, will terminate the [action], or at least narrow the issues for discovery." Fresenius Resp. 3. Chavez argues "good cause exists to refrain from entering a scheduling order" because (1) his Motions to Dismiss and Stay are pending, (2) he has yet to file an answer, and (3) the "discovery sought by the Relator is not limited to the issues presented by the pending dispositive motions." Chavez Resp. 2.

To date, none of the Defendants have filed answers, and the parties have not filed a proposed scheduling order pursuant to Rule 26(f)[1] and Local Court Rule CV–16(c).[2] Moreover, the Court has not issued an order requiring them to do so. On January 24, 2008, the Court did issue an Order setting forth deadlines for parties to file amended pleadings, pre-answer motions, and complete discovery. Docket No. 18.

Generally, a court "must issue a scheduling order as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared." Fed.R.Civ.P. 16(b)(2). A court may adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." *Id.* at 16(c)(2)(L). A "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." *Id.* at 16(b)(3)(A). It may contain additional deadlines regarding discovery and "other appropriate matters." *Id.* at 16(b)(3)(B).

A district court has discretion to stay discovery "for good cause shown." Fed. R.Civ.P. 26(c). Good cause may exist when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id.*

1. Rule 26(f) requires the parties to submit to the Court a written report outlining their discovery plan within fourteen days of the conference mandated by Rule 26(f).

2. Local Court Rule CV–16(c) states that the parties shall confer and, "[w]ithin sixty (60) days after any appearance of any defendant, the parties shall submit a proposed scheduling order to the Court in the form as indicated in Appendix 'B' " of the Local Rules.

However, "the issuance of a stay is by no means automatic." *Spencer Trask Software & Info. Servs. v. RPost Int'l.*, 206 F.R.D. 367, 368 (S.D.N.Y.2002) (quotation omitted). Yet it "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Von Drake v. Nat'l Broad. Co., Inc.* No. 3–04–CV–0652–R, 2004 WL 1144142, *1, 2004 U.S. Dist. LEXIS 25090, *2 (N.D.Tex. May 20, 2004) (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO,* 901 F.2d 404, 436 (5th Cir.1990)).

The instant action is a consolidation of two suits filed by Gonzalez. Docket No. 18. The consolidated action involves multiple parties and complex issues. The Court's January 24, 2008 Order limited the time for the parties to file amended pleadings, pre-answer motions, and complete discovery. Regarding discovery, the Court finds it prudent to require the parties to confer and submit proposed deadlines as indicated in Appendix B of the Local Rules. Accordingly, the Court declines Chavez and Fresenius's request to stay discovery pending the resolution of Chavez's "Motion to Stay" and "Motion to Dismiss," and Fresenius's "Motion to Dismiss." Neither Fresenius nor Chavez asserts that going forward with discovery would be oppressive, unduly burdensome, or expensive. *See Von Drake,* 2004 WL 1144142, at *2, 2004 U.S. LEXIS 25090, at *4 (finding stay of discovery warranted where many of the discovery requests served upon the movant were "overly broad and harassing"). Thus, the Court finds that Fresenius and Chavez have failed to satisfy their burden to show that "good cause" exists to stay discovery.

In conclusion, the Court holds that Gonzalez's Motion should be granted insofar as the parties shall confer to file a proposed scheduling order in order to actively litigate this action. The Court denies Gonzalez's Motion insofar as it declines to enter her proposed scheduling order, finding it prudent to require the parties to confer prior to entry of a scheduling order.

Accordingly, **IT IS ORDERED** that Plaintiff/Relator Rebecca Gonzalez's "Motion for Entry of Scheduling Order" (Docket No. 55) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff/Relator Rebecca Gonzalez confer with Defendants Alfonso Chavez, Fresenius Medical Care North America, and Larry Ramirez to file a proposed scheduling order in the form as indicated in Appendix B of the Local Rules for the Court's consideration **within thirty days from the date of this Order.** Failure to do so may result in the Court entering its own scheduling order. The Court will set the trial date.