**Donald R. PATTERSON,**
**Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE,**
**Equal Employment Opportunity**
**Commission, Defendants–Appellees.**

No. 89–3614
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 18, 1990.

Al Millar, Jacksonville, Fla., for plaintiff-appellant.

. Ralph J. Lee, Asst. U.S. Atty., Jacksonville, Fla., Suzanne H. Milton, Stephen E. Alpern, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendants-appellees.

Before TJOFLAT, Chief Judge, JOHNSON and COX, Circuit Judges.

PER CURIAM:

The appellant, Donald R. Patterson, brought this action to challenge the United States Postal Service's policy of refusing to appoint any person who is over the age of thirty-five to the position of Postal Inspector. We affirm the district court's grant of summary judgment in favor of the Postal Service.

## I. BACKGROUND:

The United States Postal Service (Postal Service) has, as one of its departments, an inspection service responsible for law enforcement functions.[1] Within the inspection service itself are two classes of employees: Postal Police Officers (PPO) whose primary function is to enforce Postal Service regulations regarding conduct on Postal Service property[2] and Postal Inspectors who exercise general law enforcement powers relating to Postal Service property, the use of the mails, and other postal offenses.[3] Donald R. Patterson is employed as a PPO.

In 1976, pursuant to authority granted to it under Public Law 93–350, 88 Stat. 355 (1974)[4], the Postal Service established a person's thirty-fifth birthday as the maximum age for original appointment to the position of Postal Inspector, or for placement on a register of prospective appointees.

In 1977, shortly before his thirty-fifth birthday, Patterson applied for appointment as Postal Inspector, but he was denied a position because he would turn thirty-five before he could be appointed or placed on a register. He then sought relief through the Equal Employment Opportunity Commission (EEOC). The EEOC generally denied Patterson relief, but remanded one issue for further consideration by the Postal Service. Patterson subsequently filed this two count complaint in district court. The first count sought an injunction to compel the EEOC to make a final decision on Patterson's pending administrative claim.[5] The second count alleged, in essence, that the Postal Service's maximum age limitation for appointment to Postal Inspector violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a.

Patterson sought discovery of the identity and ages of all persons appointed to the position of Postal Inspector from 1974 to the date of the complaint. This information indicated that the Postal Service had

---

1. 39 C.F.R. § 224.3.

2. 39 C.F.R. § 232.1(a)(1).

3. 39 C.F.R. § 233.1.

4. Pub.L. No. 93–350 amended 5 U.S.C. § 3307 to provide that the head of any agency, with approval of the President's designated agent, could establish minimum and maximum ages for an original appointment as a law enforcement officer. Pub.L. No. 93–350, § 1, 88 Stat. 355.

5. The EEOC moved to dismiss the complaint. The district court granted the motion because Patterson expressly abandoned his claim against the EEOC. Once the Postal Service conceded that he was entitled to *de novo* review of his discrimination claim in the district court, Patterson chose not to contest the EEOC's motion.

waived the maximum age requirement for some people. Specifically, in 1979, the Postal Service settled a civil rights case [6], and in accordance with the terms of the settlement agreement, eliminated the position of Postal Investigator and converted all persons who were Postal Investigators at that time to Postal Inspectors. Some of the Postal Investigators affected by this settlement were beyond the maximum age limit of thirty-five years. The Postal Service also waived the age requirement for certain persons who were placed on the Postal Investigator register prior to their thirty-fifth birthday, yet were not actually appointed until after their thirty-fifth birthday.

The Postal Service moved for dismissal and/or summary judgment. The district court stayed discovery pending the outcome of the Postal Service's motion. The court also permitted the Postal Service, over objection, to file supplemental information in support of its motion. The district court ultimately granted summary judgment in favor of the Postal Service.

## II. DISCUSSION:

On appeal, Patterson argues that the Postal Service's policy violates the ADEA and, in the alternative, that the Postal Service discriminated against him because it waived its policy by promoting some people within or above his age group to the position of Postal Inspector but not him. Patterson also argues that the district court prejudiced his case by staying discovery pending the outcome of the Postal Service's motion for dismissal or summary judgment and by allowing the Postal Service to introduce additional factual information in support of its motion without allowing Patterson to respond. We affirm the district court's grant of summary judgment in favor of the Postal Service.

6. *Dumas v. Bailar*, C.A. 77–C–1846 (N.D.Ill.).

7. 5 U.S.C. § 3307(d), enacted as § 1 of Public Law 93–350, provides:
 The head of any agency may, with the concurrence of such agent as the President may

### A. *Procedural Claims*

We first address the procedural aspects of the appeal. Patterson claims that the district court improperly stayed discovery pending the outcome of the Postal Service's motion to dismiss or for summary judgment. The refusal to permit further discovery, Patterson asserts, prejudiced his defense against the motion.

Matters pertaining to discovery are committed to the sound discretion of the district court and, therefore, we review under an abuse of discretion standard. *Aviation Specialties, Inc. v. United Technologies Corp.*, 568 F.2d 1186 (5th Cir. 1978). Upon a careful review of the record we conclude that the district court had sufficient information before it upon which to rule, and that further discovery was not likely to produce a genuine issue of material fact. The district court did not abuse its discretion in staying Patterson's discovery.

Patterson also contends that he was prejudiced by the district court's order allowing the Postal Service to introduce more factual information in support of its motion without permitting him to respond. The record, however, undercuts Patterson's argument. Patterson never articulated the nature of the prejudice he might experience, nor did he seek leave to explain or contradict the information. We do not find, therefore, any prejudicial error on the part of the district court.

### B. *Violation of ADEA*

The central issue in this case, and one of first impression in this circuit, is whether the maximum age limit set by the Postal Service for Postal Inspectors pursuant to 5 U.S.C. § 3307(d) [7] violates the general prohibitions against age discrimination set forth by the ADEA. Patterson argues that any maximum age limit adopted by way of section 3307(d) must be considered under the ADEA's bona fide occupational qualifi-

 designate, determine and fix the minimum and maximum limits of age within which an original appointment may be made to a position as a law enforcement officer....

cation test.[8] To the contrary, the Postal Service contends that under section 3307(d) federal agencies can establish maximum age limits for appointment as a law enforcement official notwithstanding the requirements of the ADEA. We agree with the Postal Service's position concerning the interplay between section 3307(d) and the ADEA.

 In *Stewart v. Smith*, 673 F.2d 485 (D.C.Cir.1982), the D.C. Circuit extensively analyzed the interaction between the ADEA and section 3307(d) and concluded that section 3307(d) is an *exception* to the ADEA for the maximum age limitations set by agencies for law enforcement officials. *Stewart* involved a challenge based on the ADEA to the Federal Bureau of Prisons' policy of refusing to consider any applicant over the age of thirty-four for jobs within correctional facilities. The Bureau's limitation was established pursuant to section 3307(d). In rejecting the plaintiff's argument, the court reasoned:

> In this case, applying the ADEA to the establishment of maximum entry ages for law enforcement officers would require us to adopt a strained reading of section 3307(d) and to ignore Congress' clear intent to employ maximum entry ages as a means towards securing a "young and vigorous" work force of law enforcement officers. We therefore agree with the district court that section 3307(d) is an exception to the ADEA. 673 F.2d at 492.

We adopt the D.C. Circuit's position in *Stewart* and hold that Congress created in section 3307(d) an *exception* to the ADEA. Accordingly, the Postal Service's policy of refusing to appoint anyone over the age of thirty-five to Postal Inspector does not violate the ADEA.

Patterson's reliance on *Johnson v. City Counsel of Baltimore*, 472 U.S. 353, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985), for the proposition that section 3307(d) does not exempt employees from the full effect of the ADEA is misplaced. The issue in *Johnson* was whether a federal statute generally requiring federal firefighters to retire at age fifty-five established, as a matter of law, that age fifty-five is a bona fide occupational qualification for non-federal firefighters within the meaning of the ADEA. 472 U.S. at 355, 105 S.Ct. at 2718–19. We confront a different issue than the Court did in *Johnson* and our reliance is properly placed on *Stewart*.

## C. Waiver

 Patterson claims, as an alternative ground for relief, that the Postal Service discriminated against him by refusing to grant him a waiver of the age limitation when other persons older than him received waivers. In support of this claim, Patterson broadly asserts that any agency that has waived its self-imposed age requirements for some employees must do so for other employees similarly situated or it is guilty of discrimination. This contention is too sweeping. It is a recognized legal principle, however, that in order to establish a prima facie case of discrimination the plaintiff must show that age was a determinative factor in the challenged personnel decision. *Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir.1988), *cert. denied*, ─── U.S. ───, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989).

 In the current action, the parties do not dispute that the service waived the maximum entry age requirement of thirty-five for certain people. The record makes

---

**8.** Section 3307(d) specifically authorizes agencies to set age requirements for appointment to law enforcement positions. The ADEA, however, requires that decisions regarding federal personnel actions "be made free from any discrimination based on age," except when the EEOC determines that age is a bona fide occupational qualification (BFOQ) necessary to the performance of a position. 29 U.S.C. § 633a(b).

Patterson claims that age is not a BFOQ for the position of Postal Inspector so that the requirements of the ADEA are fully applicable to actions under § 3307(d). This argument, however, begs the question that is a threshold to this appeal: Whether the ADEA is even applicable to decisions made pursuant to § 3307(d). If the ADEA is applicable, then it would be necessary to determine whether age is indeed a BFOQ for a Postal Inspector. It is not necessary, in this case, to reach that question.

clear, however, that there were legitimate non-discriminatory reasons for such waivers and Patterson was not similarly situated to those persons who received the waivers. Moreover, there is no evidence that waivers were selectively denied as a pretext for age discrimination. Patterson, therefore, has failed to make a prima facie showing that his age was a cognizable factor in denying him a waiver.

## III. CONCLUSION:

The judgment of the district court is AFFIRMED.