[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10525
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-14053-FJL

LINDA VALENTE,
et al.,

                                                                Plaintiffs,

SCOTT KATZMAN, M.D.,
ADVANCED ORTHOPEDICS,

                                                                Movants - Appellants,

versus

J.C. PENNEY CORPORATION, INC.,

                                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 16, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Scott Katzman, M.D.—a non-party to the underlying litigation—appeals three district court discovery orders.

This litigation commenced when Linda Valente sued J.C. Penney Corporation, Inc. ("J.C. Penney") in state court. J.C. Penney removed the case to the United States District Court for the Southern District of Florida. Valente alleged that J.C. Penney negligently installed certain home furnishing at her residence, which ultimately led to her suffering serious injury. Dr. Katzman provided medical services to Valente in the wake of the accident. During discovery, J.C. Penney subpoenaed certain documents from Dr. Katzman and his medical practice so that it could evaluate his billing practices and ascertain whether the medical charges assessed for Valente's treatment were reasonable. In response, Dr. Katzman filed a motion that asked the district court to either quash or modify the subpoena requiring the production of documents, or, alternatively, issue a protective order ("Motion to Quash"). The district court denied that motion, and it ordered Dr. Katzman to comply with the subpoena.[1]

---

[1] Katzman focuses on the district court's denial of his Motion to Quash. After Katzman filed his initial brief, this Court dismissed, *sua sponte*, the appeal of that order for lack of jurisdiction. We allowed the appeal to proceed, however, as to the district court's three orders

2

Dr. Katzman continued his non-compliance, and J.C. Penney moved the district court to sanction him for failure to comply with the subpoena. The court issued a sanctions order and concluded that no evidence from Dr. Katzman could be introduced at trial ("Sanctions Order"). It later issued an order requiring Dr. Katzman to pay $270.00 in attorneys' fees to J.C. Penney for the time spent preparing the motion for sanctions ("Attorneys' Fees Order"). Dr. Katzman then filed a motion for reconsideration, asking the district court to re-evaluate (1) the initial decision to uphold the subpoena, (2) the Sanctions Order, and (3) the Attorneys' Fees Order. The district court denied that motion ("Denial of Motion for Reconsideration"). The Sanctions Order, Attorneys' Fees Order,[2] and Denial of Motion for Reconsideration are at issue in this appeal.

I.

Dr. Katzman first challenges the Sanctions Order, which excluded "any and all evidence from the non-parties Dr. Katzman and Advanced Orthopedics which the parties intended to introduce at this trial . . . ." As previously discussed, the district court entered that order after Dr. Katzman persisted in refusing to produce

discussed in the remainder of this opinion.

[2] Dr. Katzman does not contest the amount awarded in the Attorneys' Fees Order. Accordingly, because he undeniably violated the district court's order requiring compliance with the subpoena, we affirm the Attorneys' Fees Order under the same logic we use in upholding the Sanctions Order, *infra*.

the requested documents, even after the district court denied the Motion to Quash. He contends that, because the district court erred in denying the Motion to Quash, the subsequent Sanctions Order is illegitimate. Specifically, he argues that the district court applied the incorrect legal standard in denying the Motion to Quash.

"Matters pertaining to discovery are committed to the sound discretion of the district court and, therefore, we review under an abuse of discretion standard." *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (per curiam). That includes orders imposing discovery sanctions. *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1146–47 (11th Cir. 2006). "'Meaningful review' of the sanctions order clearly requires review of the [underlying order purportedly violated]." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1365 (11th Cir. 1997). But "[b]ecause we expect litigants to obey all orders, even those they believe were improvidently entered, sanctions will very often be sustained, particularly when the infirmity of the violated order is not clear and the sanctions imposed are moderate." *Id*. at 1366 n.34.

Here, we conclude that the district court did not abuse its discretion in issuing the Sanctions Order. Dr. Katzman contends that the district court applied the wrong law in denying the Motion to Quash, but, in actuality, the district court applied the right law adversely to him. While we appreciate that Dr. Katzman is

4

not a party to this litigation, the district court's conclusions did not constitute abuses of discretion. That is not to say that we are not troubled, however, by the burdensome nature of the request.[3] But, as the underlying order is not clearly unfounded, Dr. Katzman's deliberate failure to comply is unacceptable. We expect that orders of the federal courts—directed to litigants or non-parties—will be followed, whether or not the individuals subject to those orders accept their validity.

## II.

Dr. Katzman also appeals from the Denial of Motion for Reconsideration. A district court may review and amend its own interlocutory orders. *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1231 (11th Cir. 2010). We review the denial of a motion for reconsideration under the deferential abuse-of-discretion standard. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Brown*, 415 F.3d

---

[3] We would ordinarily expect that the court, having approved such a request—requiring a file-by-file review, and entailing voluminous information and a burden in terms of both time and expense, as well as a redaction to protect privacy concerns—would also require that the requesting party satisfy the costs thereof, as a reasonable accommodation.

1257, 1266 (11th Cir. 2005). Here, Dr. Katzman's motion for reconsideration did not provide any grounds that required the district court to reverse its previous decision, such as intervening law or clearly erroneous factual determinations. Instead, it include additional testimony from Dr. Katzman, but there is no contention that that evidence could not have been produced with the initial Motion to Quash. The motion for reconsideration essentially sought to revive previously dismissed arguments. Accordingly, the district court did not abuse its discretion in denying it.

## III.

For the foregoing reasons, we affirm.

**AFFIRMED.**

J.C. Penney's Rule 38 motion is **DENIED.**