[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11564
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-02406-LMM

CHRISTOPHER LAWRENCE,
OLIVIA M. PONTOO,

                                        Plaintiffs-Appellants,

versus

GOVERNOR OF GEORGIA,
ATTORNEY GENERAL, STATE OF GEORGIA,
PRESIDENT OF THE UNITED STATES,
U.S. DEPARTMENT OF JUSTICE,
U.S. ATTORNEY GENERAL, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 2, 2018)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Lawrence and Olivia Pontoo, both proceeding *pro se*, appeal the district court's dismissal without prejudice of their action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., against federal government officials and judges, Georgia state government officials and judges, and Aldridge Pite LLP ("AP").  Lawrence and Pontoo argue that the magistrate judge usurped his authority granted by the United States Constitution by issuing a Report and Recommendation ("R &R") on the appellees' motions to dismiss.  Lawrence and Pontoo further argue that the district court abused its discretion by granting AP's motion to stay pretrial deadlines and procedures while motions to dismiss were pending.  We address each of Lawrence and Pontoo's arguments in turn.

## I.    The Magistrate Judge's Involvement

We review *de novo* questions of law.  See Thomas v. Whitworth, 136 F.3d 756, 758 (11th Cir. 1998) (noting that the issue of whether a magistrate judge may conduct jury selection in a civil case without the parties' consent is a "question[] of law that must be examined *de novo*.").

Title 28 U.S.C. § 636(b)(1)(A) provides that a district court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . , for summary judgment, . . . , [and] to dismiss for failure to state a claim upon which relief can be granted."  28 U.S.C.

2

§ 636(b)(1)(A).  Section 636(b)(1)(B) permits the district court to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." § 636(b)(1)(B).  This structure of review is constitutionally permissible because the district court retains "total control and jurisdiction" and "exercises the ultimate authority to issue an appropriate order."  Thomas v. Arn, 474 U.S. 140, 153 (1985) (quotations and citations omitted).

Moreover, Northern District of Georgia Standing Order 14-01 provides that, as relevant here, in claims brought under TILA and RESPA, district court judges must designate magistrate judges to "hear and determine any pretrial matters pending before the Court and to conduct hearings and submit reports and recommendations to the full extent allowed by 28 U.S.C. §  636(b)(1)(A) and (B)." N.D. Ga. Standing Ord. 14-01.

At the outset, we note that because Lawrence and Pontoo failed to object to the magistrate judge's R&R in a timely fashion after being given notice and warnings of the consequences of their failure to object thereto, they have waived appellate review of the magistrate judge's findings of fact and conclusions of law.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Thus, to the extent that Lawrence and Pontoo make arguments of that nature, we will not consider them.

3

Here, the district court did not err in referring this TILA and RESPA case to the magistrate judge to consider pretrial matters. The magistrate judge was authorized, under § 636(b)(1)(B), to submit proposed findings and recommendations in this case. The district court reviewed the magistrate judge's findings for clear error, as Lawrence and Pontoo had failed to object to the R&R; the district court found no clear error in the R&R, and then adopted it. Thus, the district court made the ultimate decision in regards to the motions, and the magistrate judge did not lack jurisdiction or usurp judicial authority by issuing the R&R. *Thomas*, 474 U.S. at 153. Further, N.D. Ga. Standing Order 14-01 required the automatic referral of the complaint to a magistrate judge because the complaint included claims under TILA and RESPA. See N.D. Ga. Standing Ord. 14-01. Therefore the magistrate judge acted within his statutory authority in issuing the R&R, and thus no error occurred. Accordingly, we affirm on this issue.

## II. AP's Motion To Stay Discovery, Pretrial Deadlines, And Pretrial Procedures

Matters pertaining to discovery are committed to the sound discretion of the district court, and therefore, we review such issues under the abuse of discretion standard. Patterson v. U.S. Postal Service, 901 F.2d 927, 929 (11th Cir. 1990). In Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997), we warned of the dangers of allowing a case to proceed through the pretrial processes with a potentially invalid claim, stating "[t]hus, when faced with a motion to

4

dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible." We further concluded that, "[t]he court's duty in this regard becomes all the more imperative when the contested claim is especially dubious." Id.

The district court did not abuse its discretion when it granted, in part, AP's motion to stay discovery and pretrial deadlines. In partially granting AP's motion, the court specifically identified our warnings in Chudasama, and heeded them. The complaint itself supports the district court's reluctance to allow the relevant pretrial procedures to begin, as its 73 pages fall short of, among other pleading requirements, complying with the demand that a complaint include a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8. Many other issues were apparent from the face of the complaint, such as the district court's likely lack of subject matter jurisdiction, but in any event, the problematic nature of the complaint gave the district court a sufficient basis upon which to grant AP's motion to stay, and thus it did not abuse its discretion in granting that motion. Accordingly, we affirm.

For the foregoing reasons, the district court's judgment is

**AFFIRMED.**